```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
CHRIS WINGATE,

                    Plaintiff,              12 Civ. 2134 (JGK)

        - against -                         MEMORANDUM OPINION AND
                                            ORDER OF SERVICE
ANNA M. KROSS CENTER, CAPT PLACKETT,
OFF ROTHWELL, OFF OTHMAN, NEW YORK
CITY CORRECTIONAL DEPARTMENT,

                    Defendants.
------------------------------------
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, who appears pro se, raises claims for injunctive relief and damages under 42 U.S.C. § 1983. His claims against the defendant Anna M. Kross Center, a correctional facility on Rikers Island, must be dismissed. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). "A prison facility is not a person subject to suit under § 1983." Brims v. Tracy, No. 93 Civ. 3233, 1996 WL 153696, at *2 (S.D.N.Y. Apr. 3, 1996).

The plaintiff's claims against the defendant "New York City Correctional Department" (actually the New York City Department of Correction) must also be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City

Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."); see Brewton v. City of New York, 550 F. Supp. 2d 355, 368 (E.D.N.Y. 2008); Echevarria v. Dep't of Corr. Servs., 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999).  In light of the plaintiff's pro se status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to substitute the City of New York for the defendant "New York City Correctional Department." See Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses the City of New York may wish to assert.

    Accordingly, the plaintiff's claims against the defendants Anna M. Kross Center and "New York City Correctional Department" are dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk of Court is directed to add the City of New York as a defendant under Federal Rule of Civil Procedure 21.  The Clerk of Court is further directed to notify the New York City Department of Correction and the New York City Law Department of this Order.  The Court requests that the defendants City of New York, Plackett, Rothwell and Othman waive service of summons.  The defendant Plackett is a correction captain assigned to the Anna

M. Kross Center. The defendants Rothwell and Othman are correction officers assigned to the same facility. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   New York, New York
         May 4, 2012

                                        /s/ John G. Koeltl
                                        John G. Koeltl
                                        United States District Judge